# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SXSW, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:21-CV-00900-RP** |
| | § | |
| | § | |
| **FEDERAL INSURANCE COMPANY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

On October 5, 2023, the United States Courts of Appeals for the Fifth Circuit remanded this case to the District Court for the limited purpose of determining whether subject matter jurisdiction exists. *SXSW, L.L.C. v. Federal Ins. Co.*, 83 F.4th 405 (5th Cir. 2023); Dkt. 43.

The District Court referred the case to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 44. This Court set a hearing on whether there is complete diversity jurisdiction under 42 U.S.C. § 1332 and ordered Plaintiff to file a brief addressing (1) citizenship of all SXSW, LLC ("SXSW") members; (2) any differences between LLC membership and LLC ownership, and how that affects the citizenship of each LLC member; and (3) whether there was complete diversity of each member when SXSW filed its complaint. Dkt. 45.

On October 31, 2023, SXSW filed Plaintiff's Brief Addressing Diversity Jurisdiction and Unopposed Motion for Leave to File Amended Complaint. Dkt. 46. As explained below, this Magistrate Judge finds that the proposed Amended Complaint sufficiently alleges that complete diversity existed when SXSW filed its original complaint. Accordingly, the Court recommends

that the District Court grant SXSW's unopposed motion for leave to amend, determine that jurisdiction exists, and return this case to the Fifth Circuit.

## I.   Background

SXSW planned to hold its annual "South by Southwest" festival in Austin in March 2020.[1] But the City of Austin cancelled the 2020 festival on account of the COVID-19 pandemic. When SXSW refused to refund ticket purchases, a group of would-be festival goers sued in a class action. The class settled, with a total litigation cost to SXSW of over $1 million. SXSW sued its insurer, Federal Insurance Company ("Federal"), for failing to defend SXSW in the class action. Adopting this Magistrate Judge's Report and Recommendation, the District Court denied SXSW's partial motion for summary judgment and granted Federal's motion for summary judgment.

SXSW appealed. In their opening appellate briefs, the parties agreed that the District Court had jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff contended that the Fifth Circuit has jurisdiction under 28 U.S.C. § 1291. But the Fifth Circuit observed that, notwithstanding the parties' agreement, it has "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW*, 83 F.4th at 407 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-99 (1998)). And the court found the record insufficient to support jurisdiction. *Id.* In its Original Complaint, SXSW alleged that Federal is an Indiana Corporation with its principal place of business in Warren, New Jersey. Dkt. 1 ¶ 5. SXSW did not allege the citizenship of all its members,[2] only that it is a Texas limited liability company with its principal place of business in Austin, Texas, thus "confusing LLC citizenship with corporate citizenship." Dkt. 1 ¶ 4; *SXSW*, 83 F.4th at 408.

---

[1] The facts and procedural history are taken from *SXSW*, 83 F.4th at 407.

[2] *Contra Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

An exhibit dated December 14, 2021 attached to Federal's motion for summary judgment stated that SXSW, LLC has two members: SXSW Holdings, Inc. and Starr Hill Presents – SX, LLC. Dkt 11-2. "SXSW Holdings, Inc.'s corporate citizenship (Texas and Texas) is alleged elsewhere in the record. But Federal's chart nowhere alleged the citizenship of Starr Hill Presents – SX, LLC." *SXSW*, 83 F.4th at 408 (citation omitted). On appeal, SXSW specified that "Starr Hill Presents – SX LLC is wholly owned by Starr Hill Presents LLC, which is wholly owned by Robert C. Capshaw, a Virginia resident." *Id.*

The Fifth Circuit identified "at least three potential jurisdictional defects in SXSW's citizenship." *Id.* First is the "potentially important difference between LLC membership and LLC ownership." *Id.* SXSW did not allege whether the Starr Hill Presents – SX LLC and Starr Hill Presents LLC have non-owner members, whose citizenship could defeat complete diversity. *Id.* Second, SXSW stated that Capshaw was a Virginia resident. "But residency is not citizenship for purposes of § 1332." *Id.* Third: "For diversity jurisdiction, we look to citizenship at the time the complaint was filed." *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)). There were no allegations or evidence about the citizenship of SXSW's members when SXSW filed its Original Complaint on October 6, 2021. *Id.*

Because the parties had not presented sufficient evidence of subject matter jurisdiction, the Fifth Circuit remanded to the District Court "for the limited purpose of determining whether jurisdiction exists." *Id.* at 409.

## II.    Legal Standards

To properly allege diversity jurisdiction under § 1332, the parties must allege "complete diversity." *Id.* (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Complete diversity means that "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Id.* (cleaned up).

"Defective jurisdictional pleadings may be amended, even on appeal." *Wesdem, L.L.C. v. Ill. Tool Works, Inc.*, 70 F.4th 285, 290 n.3 (5th Cir. 2023); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Under Rule 15(a)(2),[3] a party may amend its pleading with the opposing party's written consent or the court's leave, and the court "should freely give leave when justice so requires." Leave to amend jurisdictional allegations "is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) ("While a district court can 'remedy inadequate jurisdictional allegations,' it cannot remedy 'defective jurisdictional facts.'") (quoting *Newman-Green*, 490 U.S. at 831, 832 n.5).

### III.    Analysis

SXSW seeks to remedy its inadequate jurisdictional allegations by averring more specific facts. In its motion for leave to amend, SXSW states that its proposed Amended Complaint

> corrects a defective jurisdictional allegation in the Original Complaint and confirms that complete diversity existed between the parties at the time this lawsuit was filed by specifically identifying the citizenship of each of SXSW, LLC's members, none of whom were citizens of Indiana or New Jersey, the state of incorporation and principal place of business, respectively, of Defendant Federal Insurance Company.

Dkt. 46 at 1. This Magistrate Judge agrees with the parties that the Amended Complaint sufficiently alleges diversity jurisdiction and corrects the defects identified by the Fifth Circuit.

---

[3] The "lenient standard" of Rule 15 applies because no scheduling order was issued before the parties filed their cross-motions for summary judgment. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 355 (5th Cir. 2003).

In the proposed Amended Complaint, SXSW again alleges that Federal is an Indiana corporation with its principal place of business in Warren, New Jersey. Dkt. 46-1 ¶ 5. SXSW alleges its own citizenship as follows:

> Plaintiff SXSW, LLC, is a Texas limited liability company with its principal place of business at 1400 Lavaca Street, Austin Texas. The citizenships of SXSW, LLC's members, as of the date this lawsuit was filed, October 6, 2021, are listed in Appendix A, which shows that its members as of that date were citizens of California, Connecticut, Delaware, Florida, Massachusetts, Michigan, Nevada, New York, North Carolina, Pennsylvania, Texas, Virginia, Switzerland, and the United Kingdom, and none were citizens of Indiana or New Jersey. Because the citizenships of SXSW, LLC's members determine its citizenship, and because none of SXSW's members were citizens of Indiana or New Jersey as of October 6, 2021, complete diversity existed between SXSW, LLC, and Federal Insurance Company at the time this lawsuit was filed.

*Id.* ¶ 4.

SXSW correctly summarizes the citizenship of each of its members listed on Appendix A to the Amended Complaint (which stretches to five pages), ***except that*** it apparently overlooks the Colorado citizenship of member Steven W. Farmer.[4] Dkt. 46-1 at 28. Although SXSW may need to further amend Paragraph 4 of its Amended Complaint to show that one of its members was a citizen of Colorado when it filed suit, this does not defeat diversity because, as stated, Federal is an Indiana corporation with its principal place of business in New Jersey (not Colorado).

In the Amended Complaint, SXSW specifically identifies the citizenship, not just the residency, of each member of SXSW, LLC as of October 6, 2021, the date this action was filed. Dkt. 46-1 ¶ 4 & Appendix A. The Court finds that the jurisdictional allegations in the Amended Complaint cure each of the defects identified by the Fifth Circuit:

---

[4] Farmer is identified on Appendix A as Trustee of Normal Children Trust; which is the partner in Lincoln Meadows Associates, LLP; which is a member of Eldridge Media Holdings, LLC; which is a member of PME Holdings, LLC; which is a member of SXSW, LLC. Appendix A at 4, Dkt. 46-1 at 28.

1. All members of Plaintiff SXSW are diverse from Defendant Federal.

2. SXSW alleges the citizenship of each member regardless of ownership status.

3. The jurisdictional allegations are made as of the Original Complaint's filing date.

*Id.* The Court finds that SXSW has made "clear, distinct, and precise affirmative jurisdictional allegations" in its Amended Complaint and identifies no remaining defects. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1989)).

## IV.   Conclusion

This Magistrate Judge has examined SXSW's jurisdictional averments in the Amended Complaint, which Federal does not dispute. The Court finds that the District Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship existed between Plaintiff SXSW, LLC and Defendant Federal Insurance Company at the time this lawsuit was filed and the amount in controversy exceeds $75,000. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009) (agreeing that amended complaint established diversity jurisdiction).

## V.   Recommendation

For the foregoing reasons, this Magistrate Judge **RECOMMENDS** that the District Court (1) **GRANT** Plaintiff's Unopposed Motion for Leave to File Amended Complaint (Dkt. 46); (2) determine that jurisdiction exists; (3) order the Clerk of this Court to supplement the appellate record with copies of Plaintiff's brief (Dkt. 46), with attachments, and the District Court's opinion on jurisdiction; and (4) return this case to the Fifth Circuit Court of Appeals.

The Court hereby **CANCELS** the hearing set for 1 p.m. on November 8, 2023 and **ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 3, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE